In the Matter of Kenneth CASABLANCA d/b/a Fix-It-All and Joyce Casablanca, Debtors.

Bankruptcy No. 80 B 20488.
Adv. No. 81ADV.6052.

United States Bankruptcy Court,
S. D. New York.

Oct. 13, 1981.

Shulman, Boulanger & Carlo, P. C., Ossining, N. Y., for plaintiff.

Joyce A. Casablanca, pro se.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The time-worn shibboleth that ignorance of the law is no excuse applies with equal vigor to an attorney with forty years of experience. The attorney is the plaintiff in this adversary proceeding to determine the dischargeability of his claim against the debtor for having to make good on an indorsement of a note executed by the debtor in favor of Barclays Bank of New York. The attorney claims that he signed the reverse side of the note at the debtor's misrepresentation that Barclays Bank wanted his signature as an assurance that the debtor was employed by his firm. The attorney now contends that the $2795.40 which he was compelled to pay to Barclays Bank is nondischargeable under Bankruptcy Code § 523(a)(2)(A).

## FACTS

1. On October 27, 1980, the debtor, Joyce Casablanca, filed her voluntary petition for relief under Chapter 7 of the Bankruptcy Reform Act. Pursuant to Code § 301, such filing constituted an order for relief.

2. In February of 1979, the debtor had been employed as a secretary in the law firm of Shulman, Boulanger & Carlo, P.C. in Ossining, New York. She had attempted, without success, to obtain a loan from Barclays Bank of New York, at its Washington Square office. The debtor testified that Mr. Jerome Shulman, a partner in the firm, voluntarily offered to help her get a loan from Barclays Bank. His firm had been doing business with Barclays Bank for many years and had a $100,000 line of credit with the bank. He signed his name above a line on the reverse side of the note under which his name was typed. The note was dated February 27, 1979. [Exhibit 1].

3. Mr. Shulman testified that he signed his name on the reverse side of the note because the debtor said that his signature was necessary in order to indicate to Barclays Bank that the debtor was employed by his law firm. However, no explanation accompanied the signature, nor was there any restrictive language to indicate that the signature was to be construed as only meaning that the debtor was employed by his law firm. Indeed, the debtor had many occasions to deal with the bank in her capacity as a secretary employed by the plaintiff's law firm. There does not appear to be any question that the bank well knew that the debtor was employed by the plaintiff's law firm. Moreover, the plaintiff signed the reverse side of the note in his individual capacity and not as a partner in the firm of Shulman, Boulanger & Carlo, P.C.

4. The face of the note has several lines below the line for the borrower's signature and address, which are captioned "Co-Borrower" and are to be signed by any co-borrower. The plaintiff did not sign as a co-borrower. He merely signed in blank at the top of the reverse side of the note.

5. When the debtor failed to make good on the note, Barclays Bank looked to the debtor for payment as an indorser. In order not to jeopardize his relationship with the bank the plaintiff made payment to Barclays Bank in the sum of $2795.40 and received an assignment of the note.

## DISCUSSION

Assuming that Barclays Bank wanted confirmation that the debtor was employed by the plaintiff's law firm before it would make a loan to the debtor, it defies credulity to accept the explanation that the personal signature of one of the partners in the firm on the reverse side of the note was an appropriate manifestation of such confirmation. One would expect some restrictive language indicating that the signature was a reflection of the fact that the debtor was employed by the partner's law firm. An experienced lawyer does not simply sign the reverse side of a promissory note without any explanation unless such personal signature is to be interpreted as an indorsement. Section 3–402 of the Uniform Commercial Code as adopted in New York reinforces this conclusion in the following language:

*Signature in Ambiguous Capacity*

"Unless the instrument clearly indicates that a signature is made in some other capacity it is an indorsement."

Barclays Bank treated the plaintiff's signature as an indorsement with the result that he had to make good on it. This court will do likewise. A confirmation of employment by one's firm does not require arcane language, but does require something more than a personal signature on the reverse side of a promissory note. The plaintiff could not reasonably have believed that his signature would signify only that the debtor was employed by his firm.

## CONCLUSIONS OF LAW

1. The plaintiff has failed to prove that the debtor's debt to him was obtained as a result of false pretenses, a false representation or actual fraud within the meaning of Code § 523(a)(2)(A).

2. The complaint seeking to determine the nondischargeability of the debt in question is dismissed.

IT IS SO ORDERED.